UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE SWANSON, JR.,

Plaintiff,

v. Case No: 2:17-cv-67-FtM-99MRM

MICHAEL J. SCOTT, in his official capacity as Sheriff of Lee County, Florida, ROBERT E. SMITH, ERIC M. ZERCHER, and JONATHAN S. ARMATO,

Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motions to Dismiss (Doc. #16; Doc. #19) filed on February 23, 2017. Plaintiff David Lee Swanson, Jr. (plaintiff or Swanson) filed a response in opposition (Doc. #26) on March 17, 2017. For the reasons set forth below, the motions are granted with leave to amend.

**I.**

On May 31, 2016, Swanson filed a five-count Complaint (Doc. #2), alleging both common law and 42 U.S.C. § 1983 claims against defendants for malicious prosecution, as well as a claim for civil conspiracy pursuant to 42 U.S.C. § 1983 against all defendants. The claims stem from plaintiff's arrest on December 5, 2008, and subsequent criminal prosecution on drug charges. Plaintiff alleges that he was arrested based on false affidavits of

defendants Smith, Zercher, and Armato, who are all police officers with the Lee County Sheriff's Office. Plaintiff alleges that following his arrest he was charged with six felony offenses and found guilty based upon the officers' false testimony. Plaintiff's sentence was subsequently vacated for ineffective assistance of counsel, and the State Attorney's Office ultimately filed a nolle prosequi on the charges.

Defendants now move to dismiss Count V, civil conspiracy, based upon the intracorporate conspiracy doctrine, and Sheriff Scott moves to strike the prayer for punitive damages against him from Count IV.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

**A. Conspiracy and the Intracorporate Conspiracy Doctrine**

In Count V, plaintiff alleges that all defendants subjected him to a conspiracy to commit malicious prosecution in violation of his Constitutional rights. Under this Count, plaintiff alleges that defendants filed a false sworn statement and testified falsely

at plaintiff's trial. (Doc. #2, ¶ 133). Defendants move to dismiss Count V for failure to state a claim upon which relief can be granted because plaintiff's allegations of conspiracy are insufficient under the intracorporate conspiracy doctrine. Defendants argue that because they are all government actors who were acting within the course and scope of their employment at all times, a conspiracy between them is a legal impossibility pursuant to the doctrine. In response, plaintiff argues that he is alleging that defendants engaged in a criminal conspiracy, an exception to the doctrine.

A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right. GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998) (overruled on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010)). Under the intracorporate conspiracy doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves. The doctrine applies to public entities such as the City and its personnel." Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001) (internal citations omitted) (intercorporate conspiracy doctrine barred a claim that two city employees acting in their official capacities conspired to deprive plaintiffs of their civil rights).

Specifically, "[t]he intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). However, the Eleventh Circuit has recognized an exception to the intracorporate conspiracy doctrine in civil rights cases when the alleged conduct of the conspirators violates the federal criminal code. Grider v. City of Auburn, 618 F.3d 1240, 1263 (11th Cir. 2010).

Here, the only conspirators identified by Swanson are employed by the Lee County Sheriff's Office, and the acts are alleged to have been within the scope of their employment. The subject of their alleged conspiracy – prosecution of Swanson on drug charges supported by signed affidavits and testimony – involves job-related functions well within defendants' scope of employment as police officers. "The scope-of-employment inquiry is whether the employee police officer was performing a function that, *but for the alleged constitutional infirmity*, was within the ambit of the officer's scope of authority (i.e., job-related duties) and in furtherance of the employer's business." Grider, 618 F.3d at 1261 (emphasis added). Therefore, the intracorporate conspiracy doctrine would bar plaintiff's conspiracy claim unless an exception applies.

Although Swanson invokes the exception to the intracorporate conspiracy doctrine in his brief[1], asserting that defendants' conduct meets the elements of an information filed under 18 U.S.C. § 214[2], nowhere in his Complaint does he make such specific allegations of federal criminal code violations. Furthermore, plaintiff alleges in his brief that a violation of 42 U.S.C. § 1982(2), as referenced in paragraph 67 of his Complaint, may satisfy the exception, citing McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1035 (11th Cir. 2000). Yet the McAndrew case does not discuss Section 1982(2). It references 42 U.S.C. § 1985(2), conspiracy to interfere with civil rights by obstructing justice; intimidating party, witness, or juror. Paragraph 67 of plaintiff's Complaint does not sufficiently state such allegations against defendants.

Because the Court finds that the intracorporate conspiracy doctrine bars plaintiff's conspiracy claim and plaintiff has not made sufficient allegations that an exception would apply, the Court will dismiss Count V without prejudice and allow plaintiff to amend his Complaint. See Huls v. Llabona, 437 Fed. App'x 830,

---

[1] Defendants do not address this exception nor its application to this case in their Motions.

[2] It does not appear that 18 U.S.C. § 214 is applicable to this case as it applies to an "offer for procurement of Federal Reserve bank loan and discount of commercial paper." Plaintiff probably means § 241.

832 n.5 (11th Cir. 2011) (holding that an argument raised for the first time in response to defendant's motion to dismiss, instead of in an amended complaint, was not properly raised before the district court and would not be considered on appeal).

**B. Punitive Damages – Count IV**

Sheriff Michael J. Scott moves to dismiss or strike the punitive damages request from Section 1983 malicious prosecution claim (Count IV) because punitive damages are not available against a Sheriff who is sued in his official capacity. In response, plaintiff states that he agrees. (Doc. #26 at 3). Therefore, the punitive damages request will be stricken and plaintiff shall not include such a request in his Amended Complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

(1) Defendants Michael J. Scott, Robert E. Smith, and Jonathan S. Armato's Amended Motion to Dismiss (Doc. #16) is **GRANTED.**

(2) Defendant Erich M. Zercher's Motion to Dismiss Count 5 (Doc. #19) is **GRANTED**.

(3) Count V of Plaintiff's Complaint (Doc. #2) is **DISMISSED without prejudice** to filing an Amended Complaint within **FOURTEEN (14) days** of this Opinion and Order.

(4) Defendants' Motion to Dismiss (Doc. #8) is **denied as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this 27th day of March, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record